IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LABORERS' PENSION FUND and LABORERS' WELFARE FUND OF THE HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, THE CHICAGO LABORERS' DISTRICT COUNCIL RETIREE HEALTH AND WELFARE FUND and CATHERINE WENSKUS, Administrator of the Funds.<br><br>Plaintiffs,<br><br>v.<br><br>NORVILLA, LLC<br><br>Defendant. | Case No. 18 C 7212<br><br>Judge Thomas M. Durkin |

**PLAINTIFFS' MOTION TO REINSTATE AND FOR ENTRY
OF JUDGMENT CONSISTENT WITH SETTLEMENT AGREEMENT**

Plaintiffs, the Laborers' Pension Fund and the Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity, and the Chicago Laborers' District Council Retiree Health and Welfare Fund (the "Funds") and Catherine Wenskus, Administrator of the Funds, by their undersigned counsel, move to reinstate this cause and for judgment consistent with the parties' Settlement Agreement. Plaintiffs also seek additional attorneys' fees per the Agreement, ¶8. In support of this motion, Plaintiffs' state:

1. On November 12, 2019, this Court dismissed this matter without prejudice granting parties leave to reinstate this cause on or before May 31, 2020. (Dk # 29). Plaintiffs are seeking reinstatement of this cause to enforce a Settlement Agreement and Release ("Settlement

1

Agreement") reached by the parties to resolve the above captioned matter which is attached hereto as Exhibit A. The Settlement Agreement required total payment in an amount of $223,287.96 by Norvilla, LLC ("Norvilla") no later than January 15, 2020. In paragraph 6 of the Settlement Agreement, the parties agreed that should Norvilla fail to pay its obligation on January15, 2020, it shall be deemed in default within five days after payment was due or on January 21, 2020. Upon default the Funds may declare the entire amounts due and immediately accelerate collection of the total balance owed.

2. The Settlement Agreement provides in paragraph 8 that Norvilla will not be permitted to raise defenses to bar judgment of the unpaid balance other than payment. As of January 21, 2020, no payment was made by Norvilla to credit the amounts owed as described in paragraph 1.

3. According to paragraph 8 of the Settlement Agreement, Plaintiffs are entitled to judgment for attorneys' fees and costs for all time from October 22, 2019 to the present. Reasonable attorneys' fees and costs are established by an affidavit of Karen I. Engelhardt, plaintiffs' counsel. The attached affidavit reflects attorneys' fees based on hourly records the amount of $7, 146.50, which is owed to the Funds' for counsel's attorney's fees for the period from October 23, 2019 to the present. (Exhibit B, Affidavit of Karen I. Engelhardt). Attorneys' fees are owed pursuant to the Settlement Agreement signed by both parties.

Wherefore, Plaintiffs request that the Court enter judgment in the amount of $230,434.46, which consists of the balance payment owed according to the parties' Settlement Agreement and Release, attorneys' fees per paragraph 8 of the Settlement Agreement, Exhibit A. Plaintiffs request that the judgment order include an order to the Company that it is obligated to produce a surety bond in an amount not less than $15,000.00, in the event that the Company begins its operations.

Respectfully submitted,

/s/Karen I. Engelhardt

Allison, Slutsky & Kennedy, P.C.
230 W. Monroe Street, Suite 2600
Chicago, Illinois 60606
(312) 364-9400
kie@ask-attorneys.com
January 21, 2020